# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 14, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HOPE L. GRESHAM,**
**Claimant Below, Petitioner**

vs.)    **No. 14-1123** (BOR Appeal No. 2049336)
                    (Claim No. 2013025568)

**WEST VIRGINIA STATE BAR,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Hope L. Gresham, by J. Robert Weaver, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia State Bar, by Timothy E. Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 1, 2014, in which the Board reversed an April 1, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 7, 2013, decision rejecting the claim and instead held the claim compensable for carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Gresham, an MCLE coordinator, alleges that she developed carpal tunnel syndrome in the course of her employment. Treatment notes by Marietta Babayev, M.D., from January of 2013 indicate that Ms. Gresham reported bilateral hand numbness. An EMG revealed severe bilateral carpal tunnel syndrome, worse on the right; mild left cubital tunnel syndrome; ulnar nerve entrapment at the elbow; and chronic bilateral cervical radiculopathy. Dr. Babayev later opined that the carpal tunnel syndrome was an occupational disease caused by repetitive use of the hands while doing data entry for twenty-six years. Ms. Gresham was referred to Robert

1

Crow, M.D., who found that she had long standing complaints consistent with carpal tunnel syndrome. He also determined that she had neck pain but no radiculopathy, high blood pressure, and osteoarthritis. He recommended surgery on the right hand. Ms. Gresham completed an injured worker questionnaire for carpal tunnel syndrome in which she reported that she has a cervical disc disorder, cervical spondylosis or arthritis, stiff neck/neck pain, high blood pressure, and obesity. An employee questionnaire was also completed for the West Virginia State Bar by Sarah Jones. She stated that Ms. Gresham had been an employee since 1986. Her duties include data entry and emailing using a computer. Her normal work speed was listed as fair out of a possible answer of very slow, slow, fair, fast, and very fast.

Ms. Gresham testified in a deposition on June 19, 2013, that she types approximately six hours a day at work. She had no hand/wrist problems prior to her employment. She stated that her symptoms developed five years prior when she developed numbness, tingling, and pain in both hands. The symptoms were worse on the right side. She also stated that Ms. Jones, who answered questions regarding her work duties and work load, works in a different division. She is not directly involved in Ms. Gresham's work and has no knowledge of her work load. Ms. Gresham asserted that she has a very fast work pace because of a large work load.

A physician review was completed on March 6, 2013, by Rebecca Thaxton, M.D., who opined that the evidence does not support a diagnosis of work-related carpal tunnel syndrome. She noted that Ms. Gresham's work speed was described as fair and that she has no pounding, hammering, rubbing, sanding, or vibrating hand tools to use at work. She noted that she is obese, which is a non-work-related risk factor for carpal tunnel syndrome. She also noted that West Virginia Code of State Rules § 85-20-41.5 (2006) states that studies have failed to show a connection between normal clerical work and carpal tunnel syndrome. Prasadarao Mukkamala, M.D., concurred in his November 19, 2013, independent medical evaluation. He concluded that Ms. Gresham's carpal tunnel syndrome is not causally related to her employment. He found that her job involves secretarial work which is not expected to cause carpal tunnel syndrome. He also found that her work does not involve any force. He concluded that she has a non-occupational risk factor for carpal tunnel syndrome in the form of obesity and no occupational risk factors.

The claims administrator rejected the claim on March 7, 2013. The Office of Judges reversed the decision in its April 1, 2014, Order and held the claim compensable for bilateral carpal tunnel syndrome. It found that Dr. Babayev opined that the condition was the result of Ms. Gresham's job duties which consisted of repetitive hand use performing data entry for twenty-six years. The claims administrator's denial of the claim was determined to be based upon Dr. Thaxton's physician review. Dr. Thaxton's report was found to be flawed because it relied on incorrect information. An employer questionnaire was completed by Ms. Jones in which she stated that Ms. Gresham's work pace was fair. Ms. Gresham testified that Ms. Jones had not worked for the West Virginia State Bar for long at the time that she completed the report and had little knowledge of her job duties. Ms. Gresham stated that her work speed was fast and she has a heavy work load. Her testimony was found to be more credible than Ms. Jones's questionnaire. Because Dr. Thaxton's report relied on Ms. Jones's questionnaire, it was determined to be flawed. Dr. Thaxton also relied on West Virginia Code of State Rules § 85-20-41.5, which states that normal clerical work does not cause carpal tunnel syndrome. However, the Office of Judges

2

found that Ms. Gresham's job was not typical of normal clerical work and instead consisted of long hours of intensive, fast-paced typing. Dr. Mukkamala's report was also determined to be unreliable for similar reasons. He stated that normal clerical activity does not cause carpal tunnel syndrome. The Office of Judges reiterated that Ms. Gresham's job is not a normal clerical job because it is faster paced with a higher volume of work. The Office of Judges stated that both Drs. Thaxton and Mukkamala raised the issue of the non-occupational risk factor of obseity. Dr. Mukkamala stated that this was an important and significant risk factor for carpal tunnel syndrome. The Office of Judges determined that while Ms. Gresham may have a non-occupational risk factor for carpal tunnel syndrome, this does not necessarily mean that it was the sole cause of her disease. Her job was concluded to be an occupational risk factor for carpal tunnel syndrome, and it was determined that she met her burden of proof to establish her claim.

The Board of Review reversed and vacated the Office of Judges' Order and reinstated the claims administrator's decision. It noted that West Virginia Code of State Rules § 85-20-41.4 (2006) provides that obesity can precipitate carpal tunnel syndrome symptoms. Further, West Virginia Code of State Rules § 85-20-41.5 states that studies have failed to show a relationship between normal clerical activities and carpal tunnel syndrome. When assessing work-related carpal tunnel syndrome, the following factors should be considered: awkward wrist positioning, vibratory tools, significant grip force, and high force of repetitive manual movements. The Board of Review concluded that Ms. Gresham failed to show that her job involves any of those factors. It stated that her job duties do not fall in the high risk categories for work-related carpal tunnel syndrome; however, her medical history shows a significant non-occupational risk factor for the condition in the form of obesity.

On appeal, Ms. Gresham argues that she performed intensive typing at a fast pace for twenty-six years. She further asserts that the Office of Judges' Order was supported by the evidentiary record, and the Board of Review was wrong to reverse the decision. The West Virginia State Bar argues that Dr. Mukkamala's report shows that Ms. Gresham did not develop carpal tunnel syndrome as a result of her normal clerical duties. It also asserts that her work was not found to involve the force necessary to develop the condition.

After review, we agree with the reasoning and conclusions of the Board of Review. Ms. Gresham's job is clerical in nature. West Virginia Code of State Rules § 85-20-41.5 states that normal clerical work does not cause carpal tunnel syndrome. Even though her work load may be large, her duties are still clerical in nature. Additionally, she has an increased body mass, a non-occupational risk factor for the development of carpal tunnel syndrome.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 14, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman